THE BRUNSWICK & WESTERN RAILROAD COMPANY v. THE MAYOR & COUNCIL OF THE CITY OF WAYCROSS et al.

There was no abuse of discretion in granting the injunction complained of.                    *Judgment affirmed.*

November 10, 1891.

Injunction. Railroads. Streets Dedication. Before Judge ATKINSON. Ware county. At chambers, August 21, 1890.

The Brunswick & Western Railroad Company commenced the construction of a side-track or "Y" to make a connection with the track of another railroad. The line of this additional track crossed a street in the city of Waycross, which was already crossed by the main track of the B. & W. railroad. The city authorities interfered, and the railroad company made application for injunction. The city answered in the nature of a cross-bill, and prayed that the railroad company be enjoined from constructing the proposed track across the street. The judge refused the injunction asked by the railroad company and granted the temporary injunction asked by the city. On the hearing the following appeared:

In September, 1860, The Brunswick & Florida Railroad Company by purchase acquired a strip of land one hundred feet in width on each side, measured from the center of its track, through a lot of land in Ware county, and soon after constructed its road through the land, and has been, through its various successors the last of which is the B. & W. Railroad Co., in constant use and occupancy of its roadway to the present time, running and regularly operating it as a railroad. In 1874(?), long after the completion of the railroad, the town of Waycross was laid out, covering a portion of the lot of land mentioned. One of its streets, now known as Plant avenue, was laid out at right angles to and extending across the right of way and road-bed of the railroad company. There was no evidence of an express grant to the town authorities of this right so to lay off its streets, but the crossing so made has been in constant use by the city since it was first established, is now the principal thoroughfare of the city, and the crossing thus established has been maintained and kept up by the railroad company ever since. This street is the one along which most of the travel passes between

the two sections of the town.   Upon the strip of land one hundred feet in width, lying to the northward of its track, the railroad company commenced the construction of the "Y" in question.   It alleged in its petition that in the putting in of the "Y" it was its purpose so to construct it that it should be no obstruction to the passage of persons, vehicles and property across Plant avenue; and that it was not its purpose to block up Plant avenue with cars, but solely to furnish a connection for the passage of cars and engines and running the same from the main line of the S. F. & W. railway to the railway yard of petitioner, and from its yard to the main line of the S. F. & W. railway.   No proceeding to condemn the way for Plant avenue across the railroad track was ever instituted, and no deed conveying to the town authorities the right to appropriate the land for the purpose of a street was shown.   The judge below held that the city had acquired no right by prescription, for the reason that twenty years had not elapsed since the first appropriation by the city; but he further held that, under the facts above stated, the construction and use of the street across the railroad track and through the strip of land with the knowledge of the railroad company, its maintenance as a public way for so many years until it became the principal thoroughfare in a now populous city and the principal street leading to the public schools, and the railroad company having for many years kept up and maintained as public the crossing at this particular point, although it was under no obligation in law to maintain other than public crossings along the line of its tracks, a jury might find that the original entry by the public was with the consent of the railroad company, and that this permissive entry and subsequent recognition was sufficient evidence of an intention on its part to dedicate that portion of its right of way as a highway to the public; and that from

its constant use and maintenance as a street by the town authorities, a jury might find an acceptance upon the part of the public, which would make the dedication complete. He further held that if the claim by the city of title by dedication were well founded, it would be as complete and would as much entitle it to an uninterrupted use of the street, as though its claim were founded upon an express grant by the railroad company to the city; that if the dedication was made it was absolute, as it could not be said that a dedication once made, giving the public an absolute right, could afterwards be so modified by the grantor as to enable him to apply the fee to a use in conflict with the purposes of the dedication; and that the question was not then how great would be the inconvenience to the public, but should the public be subject to the inconvenience of the additional track or "Y" at all, the question of obstruction being one of principle and not one of degree, etc.

GOODYEAR & KAY, S. W. HITCH and L. J. BROWN, for plaintiff.

J. L. SWEAT and L. A. WILSON, by brief, contra.